**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50435 |
| Plaintiff-Appellee, | D.C. No. 5:12-cr-00065-VAP-2 |
| v. | |
| CHRISTOPHER PAUL GEORGE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Argued and Submitted February 6, 2018
Pasadena, California

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

George appeals his conviction and sentence for one count of mail fraud

affecting a financial institution, three counts of wire fraud, two counts of wire

fraud affecting a financial institution, and one count of conspiracy to commit mail

and wire fraud. 18 U.S.C. §§ 1341, 1343, 1349. For the reasons set forth below, we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

vacate his sentence and remand for resentencing. We affirm George's convictions on all counts.

**1.** The district court imposed a two-level enhancement because it found that "the offense involved [ ] a misrepresentation that the defendant was acting on behalf of . . . a government agency." U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(9)(A). The district court imposed this enhancement based on "references" made to victims about "various government programs or agencies, sometimes HUD, sometimes something that President Obama had set up." Under the binding interpretation of the Guideline found in Application Note 8 of the commentary, however, the enhancement is appropriate only if "the defendant represented that the defendant was acting to *obtain a benefit* on behalf of . . . a government agency . . . when, in fact, the defendant intended to divert all or part of that benefit (*e.g.*, for the defendant's personal gain)." USSG § 2B1.1 cmt. n.8 (emphasis added). The government does not suggest that George or any co-schemer made such a representation. Rather, the government asks us to rely on an alternative interpretation found in the background commentary. However, the background commentary, unlike the application notes, does not provide the controlling interpretation of the Guideline. *See Stinson v. United States*, 508 U.S.

36, 38, 41, 43 (1993). The district court therefore erred in imposing the enhancement.

**2.** The record is not sufficiently well-developed to review George's ineffective assistance of counsel claim on direct review and we therefore defer any review of this claim to a motion under 28 U.S.C. § 2255. *See United States v. Jeronimo*, 398 F.3d 1149, 1155-56 (9th Cir. 2005), *overruled on other grounds*, *United States v. Jacobo Castillo*, 496 F.3d 947 (9th Cir. 2007) (en banc). However, we urge the district court to take the change in the sentencing guidelines into consideration when determining a reasonable sentence under 18 U.S.C. § 3553(a).

**3.** The district court did not abuse its discretion in applying an enhancement under USSG § 3A1.1(b)(1) based on the fact that the victims were on the brink of foreclosure. Financial distress is not excluded as a basis for a finding that the victims are unusually vulnerable. While we do not find error, we remind the district court when conducting a new sentencing on remand that the enhancement requires comparison to the "typical victim of the offense of conviction," not to "members of the general population." *United States v. Nielsen*, 694 F.3d 1032, 1034-35 (9th Cir. 2012) (quotation marks omitted).

**4.** Any error in instructing the jury that fraud "affects a financial institution" if it leads to "*any* new or increased risk of loss" (emphasis added) was harmless

3

beyond a reasonable doubt. *Cf. United States v. Stargell*, 738 F.3d 1018, 1022-23 (9th Cir. 2013).

**5.** Buck's and DiRoberto's out-of-court statements were admitted into evidence without limiting instructions, so they were admitted against all defendants regardless of the contexts in which the government referred to them in argument. This was obvious error. However, the error did not affect George's substantial rights.

**6.** The instruction defining "intent to defraud" as "the intent to deceive *or* cheat" (emphasis added) was obviously erroneous in light of *Shaw v. United States*, 137 S. Ct. 462, 469-70 (2016). However, the error did not affect George's substantial rights.

**7.** The prosecutors did not violate California Rule of Professional Conduct 1-120 by interviewing George while knowing that George was represented by an attorney who also represented other targets of the investigation.

**8.** At the close of the government's evidence, George's counsel made a motion for judgment of acquittal based on specified grounds, not a general motion. He therefore waived any objection to the non-introduction of the stipulation and there was no "manifest miscarriage of justice." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (internal quotation marks omitted).

4

**9.** No combination of errors warrants reversal for cumulative error.

**SENTENCE VACATED AND REMANDED; CONVICTIONS AFFIRMED.**